ACCEPTED
06-15-00094-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/24/2015 3:26:23 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00094-CR

IN THE COURT OF APPEALS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

SIXTH APPELLATE DISTRICT OF TEXAS 8/25/2015 9:32:00 AM

DEBBIE AUTREY
Clerk

TEXARKANA, TEXAS

_____

ALBERT DOTIE, JR.,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

_____

Trial Court Cause No. F14540
In the 276th Judicial District Court
Marion County, Texas

_____

**STATE'S APPELLATE BRIEF**

_____

Angela Smoak
Marion County Attorney
102 W. Austin, Room No. 201
Jefferson, Texas 75657
State Bar of Texas #00797466
(903) 665-2611
(903) 665-3348 (fax)
angela.smoak@co.marion.tx.us

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................ i

INDEX OF AUTHORITIES .......................................................... ii

STATEMENT OF THE CASE ....................................................... 1

STATEMENT OF FACTS ............................................................ 1

REPLY TO APPELLANT'S ISSUE NUMBER ONE ........................... 4

PRAYER ................................................................................. 8

CERTIFICATE OF SERVICE ........................................................ 8

CERTIFICATE OF COMPLIANCE .................................................. 8

# **INDEX OF AUTHORITIES**

Cases                                                                Page


Green v. State, 350 S.W.3d 617
     (Tex. App. – Houston 14th Dist. 2012, p.d.r. ref.) ........... 6

Silber v. State, 371 S.W.3d 605, 613
     (Tex. App. – Houston 1st Dist. 2012, no pet.) ................ 6



Statutes:

Article 62.055, Code of Criminal Procedure
Article 62.102, Code of Criminal Procedure

## STATEMENT OF THE CASE

Appellant was tried by a jury on May 4, 2015, on his plea of not guilty to an indictment alleging the third degree felony offense of failure to comply with registration requirements alleged to have occurred on or about December 21, 2013. [CR 4, 10] The jury found him guilty and assessed a four (4) year sentence in the Institutional Division of the Texas Department of Criminal Justice on May 5, 2015 and the judgment was signed May 6, 2015. [CR27-29] Appellant gave timely notice of appeal on June 2, 2015. [CR 32-33]

## STATEMENT OF FACTS

The State called four witnesses and the Defendant testified and called one other witness.

Deronda Riley, the administrative assistant court clerk and, as such, the sex offender registrar for the City of Jefferson, testified that Appellant had a reportable conviction for indecency with a child and had been reporting to her or one of the other officers as a resident of Jefferson, Texas for approximately fourteen years. [RR 12-14] At the time of this case, Appellant was reporting to Ms. Riley annually. [RR 15] Ms. Riley met with Appellant on December 10, 2013, when he reported a change of primary address to

- 1 -

408 Saint John, Jefferson, Texas, and a supplemental address of 305 West Watson, Jefferson, Texas. [RR 14-15] On December 22, 2013, she received reliable information that Appellant had listed the address of 1406 FM 2208, Jefferson, Texas, on documentation, but did not report that address to her seven days prior to listing it and did not thereafter report it to her until January 10, 2014. [RR 16-17]

Riley reported the violation to Deputy Quada at the Marion County Sheriff's Department and Jefferson Police Department. [RR 17]

Marion County Deputy Sheriff, David Quada, testified that he received a telephone call from Appellant on January 10, 2014 to report a change of address outside the city limits of Jefferson and he told Defendant to report the change to Riley. [RR 42, 44-46] Appellant at that time indicated his address had changed on January 3, 2014. [RR 44] Quada verified that Appellant was residing at 1406 FM 2208 by speaking with the landlord and obtaining a copy of the lease. [RR 42]

Paula Bradshaw, who was Appellant's girlfriend's mother testified that Appellant moved from her house at 808 Canal Street on November 14, 2013. [RR 54-55] She did not know for certain where he lived, but suspected he lived at a motel and then Ms. Guess' rental house. [RR 55]

Joyce Guess rented a mobile home to Jennifer Smith, Appellant's girlfriend, on December 18, 2013 when Ms. Smith signed the lease. [RR 58-59, State's Exhibit 3] Appellant signed the lease two to three days later. [RR 59, 62, 70] Guess confirmed that she had seen Appellant at the rental property [RR 59, 68-69]

Appellant's employer, Charles McCoy testified that he had picked Appellant up for work at the FM 2208 address and at the barbecue place on Highway 49. [RR 74-74] McCoy further testified that he never went to Appellant's house and never knew where he was living. [RR 76-77]

Appellant testified that he and Jennifer Smith went to Shreveport to his brother's funeral and he was arrested there on December 18, 2013 after his brother's funeral. However records reflected he was arrested on December 21, 2013. [RR 81, 98-99] (Exhibit S-2) At the jail in Shreveport, he was putting his address on the jail records and told the officer he intended to move to another place, but had not moved yet and the officer told him to use the new address where he was going to be living so that they could get in contact with him. [RR 81-82, 99] Appellant indicated Mr. McCoy would drop him off at the FM 2208 address every night after work. [RR 83-84] Additionally, Appellant testified that he signed the lease with Ms. Guess on

December 28, 2013. Although no such date was reflected on said document, [RR 92, 101, Exhibit S-3], Appellant admitted that he intended to move to the FM 2208 address as early as December 21, 2013. [RR 99] He further admitted he intended to move to the FM 2208 address on December 28, 2013 when he claimed to have signed the lease. [RR 102] Appellant then admitted that he did not report the intent to reside seven days prior to either of those dates. [RR 101,103] Finally, he admitted the reason he didn't report the intended change is because he "didn't want them knowing the information and go up there and mess me up". [RR 102]

## REPLY TO APPELLANT'S ISSUE NUMBER ONE

### APPELLANT'S ISSUE NO. ONE

"Is the evidence sufficient to sustain appellant's conviction?"

### STATE'S REPLY

**THE EVIDENCE IS OVERWHELMINGLY SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION.**

### ARGUMENT AND AUTHORITIES

An individual commits the offense of failure to comply with sex offender registration requirements if he is required to register as a sex offender and fails to comply with any requirement of Chapter 62 of the Code

of Criminal Procedure. Tex. Code Crim. Proc. Ann. Article 62.102a (West Supp. 2014) Article 62.0155(a) reads in pertinent part:

> "If a person required to register under this chapter intents to change address...the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority...and provide the authority and the officer with the person's anticipated move date and new address." Id Art. 62.055(a) West Supp. 2014).

Appellant argues that the State did not provide sufficient evidence that the Appellant actually "resided" at a new address and fails to recognize that Appellant's obligation under the referenced statutes requires him to report an <u>intended</u> change of address to the local law enforcement authority at least seven days prior to the <u>intended</u> change. (emphasis added)

The evidence presented consisted, first, of documentation referencing a new address as of December 21, 2013 (Exhibit S-2). Secondly, the officer confirmed his new intended residence with the landlord and obtained the lease. [RR 42] Next, his landlord testified that Appellant had signed a lease 2-3 days after December 18, 2013 and she had seen him at the rental property. [RR 59, 62, 68-70] Most importantly, Appellant himself testified that he <u>intended</u> to change his address as early as December 21, 2013 when he listed that address with the Shreveport Police Department and at least by December 28, 2013 which is when he claimed that the lease was signed.

[RR 99 & 102] Additionally appellant admitted on the stand that he did not report the intended change seven days prior to either of those dates. [RR 101, 103]

Appellant argues that this case is similar to Green v. State, 350 SW3d 617 (Tex. App. – Houston 14th Dist. 2012, p.d.r. ref.) However, it is quite distinguishable. In Green, the only issue was whether the State provided evidence of the Appellant's state of mind when he failed to register his intended change of address. *Id. at 621.* In this case, Appellant himself stated that even when he intended to move, he did not tell the law enforcement authority "because I didn't want them knowing the information and go there and mess me up" [RR 102] That alone indicates his awareness of his requirements and his desire to secret this change from the reporting authority.

Appellant also likens this matter to Silber v. State, 371 SW3d 605, 613 (Tex. App. – Houston 1st Dist. 2012, no pet.) The Silber case also lacked the admissions from the defendant that are present in the case at bar.

Furthermore, in Silber there was not a showing of an intended change of residence as proven in this case not only by documentation and witness

testimony but by appellant's own admission that he intended to move.  [RR 99 & 102]

Finally, Appellant called Deputy Quada on January 10, 2014 and stated he had moved on January 3, 2014.   [RR 44]   He reported to Riley on December 10, 2013 and did not report a change of address and then again on January 10, 2014 but nowhere in between.  [RR 37]

On the stand, the defendant gave conflicting testimony about dates and in order to believe defendant's testimony, the jury would be required to find every other witness not to be credible.

As such, the evidence was overwhelmingly sufficient to find Appellant guilty as charged and the conviction must be affirmed.

PRAYER

Wherefore, upon the issue presented, the State prays that the judgment of the trial court be in all things affirmed.

Respectfully submitted,

s/Angela Smoak
Angela Smoak
Marion County Attorney
102 W. Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
(903) 665-3348 (fax)
State Bar # 00797466
angela.smoak@co.marion.tx.us

CERTIFICATE OF SERVICE

I hereby certify that a copy of State's Appellate Brief was served on James P. Finstrom, Attorney for Appellant, pursuant to the Rules on this the 24th day of August, 2015.

/s/  Angela Smoak
Angela Smoak

CERTIFICATE OF COMPLIANCE

I certify that this Brief filed electronically on this the 24th day of August, 2015 complies with T.R.A.P. Sec. 9.4(i)(2)(B) and contains 1668 words.

/s/  Angela Smoak
Angela Smoak